1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN DEWAYNE TAYLOR, Jr.,

                    Plaintiff,

        v.

JOHN DOE, Employee of King County
Correctional Facility,

                    Defendant.

CASE NO. 2:24-cv-02173-RSL-BAT

**REPORT AND
RECOMMENDATION**

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff, Kevin Dewayne Taylor, Jr., is currently confined at the King County Regional Justice Center. Plaintiff is proceeding *pro se* and *in forma pauperis*. Dkt. 5. On January 23, 2025, the Court declined to serve the original complaint due to various deficiencies and provided Plaintiff the opportunity to amend his complaint. Dkt. 7. On February 6, 2025, Plaintiff filed his first amended complaint. Dkt. 8. On February 7, 2025, the Court declined to serve the first amended complaint again due to various deficiencies and provided Plaintiff another opportunity to amend his complaint. Dkt. 9. Plaintiff has now filed a second amended complaint. Dkt. 10.

In his second amended complaint, Plaintiff names the following as Defendants: King County; Allen Nance, Director, King County Jail ("KCJ"); Jennifer Albright, Deputy Director KCJ; Steve Larsen, Deputy Director, KCJ; Christopher Ossewarde, Jail Official, KCJ; Jan,

REPORT AND RECOMMENDATION - 1

Officer, KCJ; Garcia, Officer, KCJ; Martin Kirigo, Jail Official, KCJ; Michael Taylor, Major, KCJ; Rivas, Officer, KCJ; Shaundrex, Officer, KCJ; Adusei, Officer, KCJ; and, Edward, Officer, KCJ. Dkt. 10. Plaintiff alleges violation of his constitutional rights by Defendants King County and King County employees regarding an alleged failure of staff at KCJ to protect him from an assault by other inmates, retaliation by jail staff for filing a grievance, and violation of procedural due process in failing to provide Plaintiff with a hearing related to his placement in the psychiatric unit which he claims was punishment for filing a complaint. *Id.*

Having reviewed the second amended complaint, the Court recommends plaintiff's claims against Defendants King County, Nance, Albright, Larsen, Taylor, Jan, Garcia, Rivas, Shaundrex, Adusei and Edward be DISMISSED with prejudice (without leave to further amend) for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2). It is also recommended the Court find the remaining claims, against Defendants Ossewarde and Kirigo, state sufficient facts to warrant service and a response from Defendants. Thus, the undersigned recommends the second amended complaint be served on Defendants Ossewarde and Kirigo and these two defendants be required to respond to the remaining claims only.

## DISCUSSION

### A.    Relevant Legal Standards

The Court screens complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a).  The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 2

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.    Plaintiff's Allegations**

In Count I of his second amended complaint, Plaintiff alleges violation of the Fourteenth Amendment "Equal Protection" by Defendants Jan, Garcia, Nance, Alrbright, Larsen, King County, Taylor, Rivas, Shaundrez, Adusei, and Edward. *Id.* at 10-14. Plaintiff alleges on August 29, 2024, at 8:30pm, while detained at KCJ, he was assaulted by "5 guys" while he was sleeping. *Id.* He alleges this was the second time this had occurred. *Id.* Plaintiff alleges he "suffered stabbing with metal-like materials to my head and face as well as a fractured jaw, black eye, and busted lips." *Id.* Plaintiff alleges there is a "custom of lack of constant supervision" to visually isolated areas and blind spots. *Id.* Plaintiff alleges Defendants Jan, Garcia, Rivas, Shaundrex, Adusei and Edward were "operating pursuant to a custom within King County's policy that gives

1   me the right to constant supervision." *Id.* He alleges these Defendants' "custom and/or practice

2   fails to meet their policy by giving jail detainee's hourly routine security checks by jail officials

3   and/or staff members acting within his custom that they know are failing to meet the King

4   County's policy of constant supervision and that jail detainees have access to make metal like

5   materials for weapons by themselves or either officers are providing such materials to be used or

6   made for weapons due to the lack of surveillance in these isolated areas and blind spots." *Id.*

7   Plaintiff alleges the unit is also "only being staffed by only one jail official most of the time." *Id.*

8          Plaintiff alleges Defendants Nance, Albright, Larsen, and Taylor violated his rights by

9   knowingly upholding these practices and failing to protect in areas and units they know need

10  constant surveillance and supervision. *Id.* Plaintiff alleges he received lack of medical care

11  because of the custom that fails to give constant supervision and surveillance, and the men who

12  attacked him were able to make threats and unlawfully restrain Plaintiff. *Id.*

13         Plaintiff alleges on September 18, 2024, he wrote a kite to Christopher Ossewarde

14  regarding three men that were sexually harassing and abusing him, and that one man had tried to

15  run in the shower. *Id.* Plaintiff alleges he was moved to maximum security and restrictive

16  housing and was subjected to extreme restrictions on items such as food and clothing and paper

17  and pencils. *Id.* He alleges that nevertheless he wrote grievances regarding the lack of constant

18  supervision and the sexual harassment and abuse. *Id.* He alleges in November 2024 these

19  grievances came back as "unfounded." *Id.*

20         In Count II, Plaintiff alleges Defendants Ossewarde, Kirigo, Nance, Albright, Larson,

21  Taylor, and King County violated his Fourteenth Amendment procedural due process rights. Dkt.

22  10 at 15-19. He alleges on September 18, 2024, he wrote a kite to Defendant Ossewarde stating

23  he was being sexually harassed by three men. *Id.* He states he was called out of the unit and

REPORT AND RECOMMENDATION - 4

questioned about the kite. *Id.* Plaintiff alleges Defendant Ossewarde proceeded to ask him about a previous unrelated incident where he was assaulted by numerous jail detainees. *Id.* Plaintiff alleges Defendant Osseward told Plaintiff he was sending him to the "hole" or isolated unit for complaining that he was sexually harassed. *Id.* Plaintiff alleges Defendant Ossewarde told him that in order to constitute sexual harassment the individuals had to be physically in the shower with Plaintiff. *Id.* Plaintiff alleges Defendant Kirigo took him to isolated housing, which Plaintiff later discovered was psychiatric housing, and that Defendant Kirigo told him he was being moved because he was "complaining." *Id.* Plaintiff alleges he has no psychiatric background and wasn't given an evaluation. *Id.* He alleges he was subjected to extreme restrictive conditions in the psychiatric unit including restrictions on food and being confined to a cell for four to five days at a time. *Id.* Plaintiff alleges this affected him medically causing his blood pressure and heart rate to be "too high." *Id.*

Plaintiff alleges he has a right to an infraction hearing within 24 hours of being placed in restrictive housing and within three to five days thereafter. *Id.* He alleges Defendant Ossewarde and Kirigo violated his procedural due process rights by transferring him to psychiatric housing without being infracted or providing him with a hearing. *Id.*

Plaintiff alleges Defendants Nance, Albright, Larsen and Taylor, violated his rights because they are supervisors and because they allowed his transfer to psychiatric housing without a hearing. *Id.* Plaintiff also alleges Defendant King County is liable. *Id.*

In Count III Plaintiff alleges Defendants Ossewarde, Nance, Albright, Larsen, Taylor, Kirigo, and King County violated his First Amendment rights by engaging in retaliation against him. Dkt. 10 at 17-27. Plaintiff alleges Defendants Ossewarde and Kirigo violated his right to be free from retaliation when they sent him to psychiatric/restrictive housing for writing a kite on

September 18, 2024, alleging he had been sexually harassed by other inmates. *Id.* Plaintiff

alleges Defendant Ossewarde responded to the kite by asking Plaintiff about the incident where

he was assaulted on August 29, 2024, which Plaintiff alleges was unrelated to the incident of

sexual harassment. *Id.* Plaintiff alleges Defendant Ossewarde told him that because the other

individuals were not in the shower with Plaintiff that the incident was not sexual harassment. *Id.*

Plaintiff alleges Defendant Ossewarde then told Plaintiff he was sending him to the "hole" for

complaining. *Id.* Plaintiff indicates he was placed in psychiatric housing for 37 days. *Id.* Plaintiff

alleges Defendant Kirigo moved Plaintiff to psychiatric housing and told Plaintiff he was being

moved because he was complaining. *Id.* Plaintiff alleges that the restrictive conditions of

psychiatric housing caused him to experience extremely high blood pressure and heart rate and

that although he wrote several medical kites Defendant Ossewarde ignored his concerns. *Id.*

Plaintiff alleges Defendants Nance, Albright, Larsen and Taylor are also liable due to

their supervisory positions and because they allowed these violations of is rights to occur. *Id.*

Plaintiff alleges Defendant King County is also liable. *Id.*

As relief, Plaintiff seeks punitive and compensatory damages and injunctive relief in the

form of an order that Defendants obtain proper surveillance cameras inside each of the units at

KCCF and Maleng King County (RJC). *Id.*

**C.    Analysis**

**1)    Failure to Protect**

In Count I, Plaintiff alleges violation of the Fourteenth Amendment "Equal Protection"

by Defendants Jan, Garcia, Nance, Albright, Larsen, King County, Taylor, Rivas, Shaundrez,

Adusei, and Edward. Although Plaintiff refers to "Equal Protection, he appears to be raising a

claim based upon Defendants' alleged failure to protect him from assault by other inmates.

1

2

The Ninth Circuit has determined that,

> [T]he elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries. [footnote omitted]
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each particular case."

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

The exact basis of Plaintiff's claim is rather unclear. He alleges on August 29, 2024, he was assaulted by "5 guys"[1] while he was sleeping and this was the second time this had occurred. Plaintiff appears to allege King County has a policy of "constant supervision" of inmates and that Defendants Jan, Garcia, Rivas, Shaundre, Adusei and Edwards failed to follow this policy, instead following a practice of giving detainees hourly routine security checks. He also alleges the unit is being staffed by only one jail official most of the time and that there is a lack of surveillance in isolated areas and blind spots.

First, it is unclear exactly what Plaintiff means by a policy of "constant supervision." He does not explain whether he is referring to supervision by video surveillance or in-person supervision nor does he define "supervision." Thus, it is unclear how, exactly, a practice of giving detainees hourly routine security checks would violate this alleged policy. Plaintiff also fails to explain how Defendants Jan, Garcia, Rivas, Shaundre, Adusei and Edwards actions or

---

[1] The Court understands Plaintiff to be referring here to other unidentified inmates rather than jail staff.

1    inactions caused the harm he alleges. He fails to allege sufficient facts to demonstrate that a

2    reasonable officer in the circumstances would have appreciated the high degree of risk involved

3    in performing hourly routine security checks and that this led to his assault. It is also unclear

4    which officer or officers Plaintiff is alleging was responsible for supervising Plaintiff or the unit

5    when he was assaulted nor does Plaintiff explain when or how any of the Defendants became

6    aware of the assault. Plaintiff also fails to allege facts to demonstrate the assailants access to

7    "metal" was a result of lack of surveillance in isolated areas or blind spots – nor does he identify

8    where these areas are allegedly located.

9         Accordingly, Plaintiff has failed to allege sufficient facts to state a failure-to-protect

10    claim against Defendants Jan, Garcia, Rivas, Shaundre, Adusei and Edwards.

11         Plaintiff also alleges Defendants Nance, Albright, Larsen, and Taylor violated his

12    Fourteenth Amendment rights by knowingly upholding the practice of failing to provide constant

13    supervision and failing to protect in areas and units they know need constant surveillance and

14    supervision.

15         A § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's

16    own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90

17    (1989). A plaintiff may state a supervisor liability claim against a supervisor for deliberate

18    indifference "based upon the supervisor's knowledge of and acquiescence in unconstitutional

19    conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). A

20    supervisor is only liable for the constitutional violations of his or her subordinates if (1) the

21    supervisor participated in or directed the violations; or (2) knew of the violations and failed to act

22    to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

23

REPORT AND RECOMMENDATION - 8

1    To impose supervisory liability for failure to train, the supervisor must have been

2    "deliberately indifferent" to the need for "more or different training." *Clement v. Gomez,* 198

3    F.3d 898, 905 (9th Cir. 2002). A plaintiff alleging a failure to train claim must show: (1) he was

4    deprived of a constitutional right, (2) the defendant had a training policy that "amounts to

5    deliberate indifference to the [constitutional] rights of the persons' with whom [his employees]

6    are likely to come into contact;" and (3) his constitutional injury would have been avoided had

7    the defendant properly trained those employees. *See Blankenhorn v. City of Orange*, 485 F.3d

8    463, 484 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

9    Here, Plaintiff provides only a vague, conclusory statements alleging Defendants Nance,

10    Albright, Larsen and Taylor are liable because they knowingly upheld the practice of failing to

11    provide constant supervision and failing to protect in areas and in units they know need constant

12    surveillance and supervision.  But Plaintiff fails to allege any facts to support the allegation that

13    these supervisory Defendants were aware of the challenged practice or that they were aware or

14    should have been aware that certain areas needed constant supervision and failed to provide it.

15    Plaintiff does not allege these Defendants participated in or directed the actions of staff that

16    violated his rights.

17    Plaintiff also fails to allege any facts to indicate Defendants knew of the alleged

18    constitutional violations and failed to prevent them from occurring. There are also no factual

19    assertions showing there was a training policy in place which amounted to deliberate

20    indifference. Plaintiff does not assert there was a need for more or different training, and the

21    second amended complaint contains no allegations Defendants were deliberately indifferent to a

22    need for more training. For example, Plaintiff has not alleged there is a pattern of assaults

23    occurring in certain areas, at certain times, or under certain conditions. *See Flores v. County of*

REPORT AND RECOMMENDATION - 9

1    *Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) ("pattern of similar constitutional violations by

2    untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes

3    of failure to train").

4          As Plaintiff has provided only vague, conclusory statements alleging Defendants Nance,

5    Albright, Larsen and Taylor violated his constitutional rights, he has failed to state a claim upon

6    which relief can be granted. *See Jones*, 733 F.2d at 649 (vague and mere conclusory allegations

7    unsupported by facts are not sufficient to state section 1983 claims); *City of Canton,* 489 U.S. at

8    391 ("adequately trained officers occasionally make mistakes; the fact that they do says little

9    about the training program or the legal basis for holding the [defendant] liable"). Therefore, the

10   Court recommends the claims against Defendants Nance, Albright, Larsen and Taylor be

11   dismissed.

12         Plaintiff also names King County as a Defendant with respect to this claim. A local

13   government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of*

14   *Social Servs. of City of New York*, 436 U.S. 658, 691–94 (1978). However, a municipality cannot

15   be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking

16   to impose liability on a municipality under § 1983 must identify a municipal "policy" or

17   "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397,

18   403 (1997) (citing *Monell*, 436 U.S. at 694). A plaintiff must demonstrate that, the municipality,

19   through its deliberate conduct, was the "moving force" behind the injury alleged. *Id*. at 404; *City*

20   *of Canton v. Harris*, 489 U.S. 378, 389 (1989)*.*

21         To set forth a claim against a municipality, "a plaintiff must show the defendant's

22   employees or agents acted through an official custom, pattern, or policy permitting deliberate

23   indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful

conduct." *Shearer v. Tacoma Sch. Dist. No.* 10, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell*, 446 U.S. at 690–91). Liability may also exist where there is a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).

A plaintiff may establish a policy, practice, or custom by showing that (1) an employee was acting pursuant to an expressly adopted official policy, (2) an employee was acting pursuant to a longstanding practice or custom, or (3) an employee was acting as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982–83 (9th Cir. 2004). In the absence of an express government policy, a plaintiff may establish liability by showing a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)). However, "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino*, 99 F.3d at 918 (citing *Monell*, 446 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918; *see also Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (finding two incidents insufficient to establish custom).

If a plaintiff cannot establish a government policy or an informal custom or practice, they may still establish municipal liability, in limited circumstances, by demonstrating that the alleged constitutional violation was caused by a failure to train municipal or entity employees adequately. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional

1   violation; (2) of a municipal training policy that amounts to a deliberate indifference to

2   constitutional rights; and (3) that the constitutional injury would not have resulted if the

3   municipality properly trained their employees. *Benavidez v. County of San Diego*, 993 F.3d

4   1134, 1153–54 (9th Cir. 2021). "Satisfying this standard requires proof that the municipality had

5   actual or constructive notice that a particular omission in their training program will cause

6   municipal employees to violate citizens' constitutional rights." *Kirkpatrick v. County of Washoe*,

7   843 F.3d 784, 794 (9th Cir. 2016) (citations, internal quotation marks, and alterations omitted).

8   In order "to demonstrate that the municipality was on notice of a constitutionally significant gap

9   in its training, it is ordinarily necessary for a plaintiff to demonstrate a pattern of similar

10  constitutional violations by untrained employees." *Id.* (citation and internal quotation marks

11  omitted); *see also Vanegas v. Pasadena*, 46 F.4th 1159,1167 (9th Cir. 2022). "A municipality's

12  [or entity's] culpability for a deprivation of rights is at its most tenuous where a claim turns on a

13  failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted).

14          Here, Plaintiff fails to allege sufficient facts to show that King County is liable under

15  *Monell*. The fact that the individual Defendants Plaintiff alleges violated his constitutional rights

16  are employees of King County is insufficient to establish liability on the part of King County.

17  *See Monell*, 436 U.S. at 691–94 (a municipality or entity cannot be held liable under § 1983

18  solely because it employs a tortfeasor). Plaintiff makes vague, conclusory allegations regarding

19  King County's policies or practices but fails to identify a policy or practice of the County that

20  was the moving force behind the alleged violation of his constitutional rights.

21          **2)    Procedural Due Process**

22          In Count II, Plaintiff alleges Defendants Ossewarde, Kirigo, Nance, Albright, Larsen,

23  Taylor, and King County violated his Fourteenth Amendment procedural due process rights by

1  failing to provide him with a hearing before moving him to the psychiatric unit as discipline for

2  filing a complaint. Plaintiff alleges the psychiatric unit which was significantly more restrictive

3  than the general population.

4       In order to obtain relief on a § 1983 claim based upon procedural due process, "the

5  plaintiff must establish the existence of '(1) a liberty or property interest protected by the

6  Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'"

7  *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (quoting

8  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). "Pretrial detainees have a

9  right to procedural due process before they are subjected to more severe conditions of

10 confinement than other detainees." *Shorter v. Baca*, 895 F.3d 1176, 1190 (9th Cir. 2018).

11 Generally, pretrial detainees cannot be subjected to disciplinary segregation without a due

12 process hearing which includes certain processes and rights. *See Mitchell v. Dupnik*, 75 F.3d 517,

13 524 (9th Cir. 1996); *Segura v. Larson*, No. 6:21-CV-00223-YY, 2022 WL 16702162, at *3 (D.

14 Or. Aug. 10, 2022), *report and recommendation adopted*, No. 6:21-CV-00223-YY, 2022 WL

15 16695103 (D. Or. Nov. 3, 2022), *aff'd*, No. 22-35977, 2024 WL 1477397 (9th Cir. Apr. 5, 2024)

16      The Court should find that Plaintiff has alleged sufficient facts to warrant service of the

17 complaint and a response from Defendants Ossewarde and Kirigo with respect to his retaliation

18 claims against them.

19      Plaintiff also alleges Defendants Nance, Albright, Larsen and Taylor, violated his

20 Fourteenth Amendment rights to procedural due process due to their supervisory positions and

21 because they and allowed his transfer to psychiatric housing without a hearing. But again,

22 Plaintiff does not allege these Defendants participated in or directed the actions of staff that

23 violated his rights. Plaintiff also fails to allege any facts to indicate that Defendants knew of the

alleged constitutional violations and failed to prevent them from occurring. There are also no factual assertions showing there was a training policy in place which amounted to deliberate indifference.

As Plaintiff again provides only vague, conclusory statements alleging Defendants Nance, Albright, Larsen and Taylor violated his constitutional rights, he has failed to state a claim for which relief can be granted. *See Jones*, 733 F.2d at 649; *City of Canton,* 489 U.S. at 391. Therefore, the Court recommends the claims against Defendants Nance, Albright, Larsen and Taylor be dismissed.

Likewise, Plaintiff mentions King County again in Count II but fails to allege sufficient facts to show that King County is liable under *Monell*. The fact that the individual Defendants Plaintiff alleges violated his constitutional rights are employees of King County is insufficient to establish liability on the part of King County, and Plaintiff fails to identify or allege facts demonstrating a policy or practice of the County that was the moving force behind the alleged violation of his constitutional rights.

### 3)    Retaliation

In Count III, Plaintiff alleges Defendants Ossewarde, Kirigo, Nance, Albright, Larsen, Taylor, and King County violated his First Amendment right to be free from retaliation.

To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected

under the first amendment and that the state impermissibly infringed on his right to engage in the

protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants

acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, the Court should find Plaintiff has alleged sufficient facts to warrant service of the

complaint and a response from Defendants Ossewarde and Kirigo with respect to his retaliation

claims against them.

Plaintiff also alleges Defendants Nance, Albright, Larsen and Taylor violated his First

Amendment right to be free from retaliation due to their supervisory positions and because they

allowed staff to engage in retaliation. But again, Plaintiff does not allege these Defendants

participated in or directed the actions of staff that violated his rights. Plaintiff also fails to allege

any facts to indicate that Defendants knew of the alleged constitutional violations and failed to

prevent them from occurring. There are also no factual assertions showing there was a training

policy in place which amounted to deliberate indifference.

As Plaintiff again provides only vague, conclusory statements alleging Defendants

Nance, Albright, Larsen and Taylor violated his constitutional rights, he has failed to state a

claim for which relief can be granted. *See Jones*, 733 F.2d at 649; *City of Canton,* 489 U.S. at

391. Therefore, the Court recommends the claims against Defendants Nance, Albright, Larsen

and Taylor be dismissed.

Plaintiff also mentions King County again in Count III but again fails to allege sufficient

facts to show that King County is liable under *Monell*. The fact that the individual Defendants

REPORT AND RECOMMENDATION - 15

Plaintiff alleges violated his constitutional rights are employees of King County is insufficient to establish liability on the part of King County, and Plaintiff fails to identify or allege facts demonstrating a policy or practice of the County that was the moving force behind the alleged violation of his constitutional rights.

**D.    Leave to Amend**

Normally a Court should "freely grant" motions to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003)

While leave to amend should be freely granted "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" are grounds to deny leave to amend. *See Moore v. Kayport Package Express, Inc*., 885 F.3d 531, 538 (9th Cir. 1989).

The Court recommends further leave to amend be denied with respect to the claims that are recommended for dismissal. Plaintiff has been notified of the deficiencies in his claims and provided the opportunity to amend his complaint on two prior occasions. As Plaintiff still fails to state a claim with respect to the claims the Court has recommended for dismissal, it appears further opportunity to amend would be futile.

Accordingly, the Court should deny leave to amend with respect to the claims that are recommended for dismissal; specifically, Plaintiff's claims against King County, Nance, Albright, Larsen, Taylor, Jan, Garcia, Rivas, Shaundrex, Adusei and Edward.

## CONCLUSION

For the foregoing reasons, the undersigned recommends plaintiff's claims against Defendants King County, Nance, Albright, Larsen, Taylor, Jan, Garcia, Rivas, Shaundrex,

REPORT AND RECOMMENDATION - 16

Adusei and Edward be **DISMISSED** with prejudice (without leave to amend) for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2). The undersigned recommends the Court find the remaining claims in Counts II and III, against Defendants Ossewarde and Kirigo, state sufficient facts to warrant service and a response from these Defendants. Thus, the Court recommends the second amended complaint be served on Defendants Osseward and Kirigo and these Defendants be required to respond to the remaining claims in Counts II and III only.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 4, 2025.** The Clerk should note the matter for **April 4, 2025**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 21st day of March, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 17