UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN DEWAYNE TAYLOR, Jr., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, Employee of King County Correctional Facility, <br><br> Defendant. | CASE NO. 2:24-cv-02173-RSL-BAT <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING SERVICE ON DEFENDANTS OSSEWARDE AND KIRIGO LIMITED TO COUNTS II AND III** |

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, any objections or responses to that, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation.

(2) Plaintiff's claims against Defendants King County, Nance, Albright, Larsen, Taylor, Jan, Garcia, Rivas, Shaundrex, Adusei and Edward are **DISMISSED** with prejudice (without leave to amend) for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2).

(3) The Court find the claims in Count II and III against Defendants Ossewarde and Kirigo state sufficient facts to warrant service and a response from these Defendants. Count II

alleges Defendants violated Plaintiff's procedural due process in regard to placement into the psychiatric unit and Count III alleges retaliation. These are the sole remaining claims in this case. Accordingly, the Court further orders as follows:

a. <u>Service by Clerk</u>

The Clerk is directed to send the following to Defendants Christopher Ossewarde, Jail Official at King County Jail ("KCJ"), and Martin Kirigo, Jail Official at KCJ, by first class mail: a copy of plaintiff's second amended complaint, Dkt. 10, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

b. <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

c. <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must

indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

### d. Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

The motion shall be noted in accordance with LCR 7(d). For electronic filers, any opposition to a non-dispositive motion shall be filed and received by the moving party no later than 15 days after the filing date of the motion, and any reply shall be filed and received by the opposing party no later than 21 days after the filing date of the motion. LCR 7(d)(3). Any opposition to a dispositive motion by an electronic filer shall be filed and received by the moving party no later than 21 days after the filing date of the motion and any reply shall be filed and received by the opposing party no later than 28 days after the filing date of the motion. LCR 7(d)(4).

If a party (i.e., a *pro se* litigant and/or prisoner) serves an opposition by mail, the deadline for filing and serving such opposition shall be 3 days earlier than the deadlines set forth above.

### e. Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DIRECTING SERVICE ON
DEFENDANTS OSSEWARDE AND KIRIGO LIMITED
TO COUNTS II AND III - 3

Procedure should acquaint themselves with those rules. These motions shall be noted for consideration no earlier than 28 days after filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

f.  Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(4)   The Clerk is directed to send copies of this Order and the Court's *pro se* instruction sheet to plaintiff. The Clerk is further directed send a copy of this Order and a courtesy copy of plaintiff's complaint to King County Prosecutor's Office, by first-class mail.

The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 7th day of April, 2025.

*[signature]*
ROBERT S. LASNIK
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DIRECTING SERVICE ON
DEFENDANTS OSSEWARDE AND KIRIGO LIMITED
TO COUNTS II AND III - 5