The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING RASTA ROYALBLOOD,

Plaintiff,

v.

CHRISTOPHER OSSEWAARDE,

Defendant.

NO. 24-cv-2173-RSL-BAT

**ORDER REFERRING MATTER TO THE PRO BONO SCREENING COMMITTEE PURSUANT TO GENERAL ORDER 06-26**

Before the Court is plaintiff King Rasta Royalblood's (f/k/a Kevin D. Taylor) ("Royalblood") third motion for appointment of counsel. Dkt. 82. General Order 06-26 establishes this District's Plan for Pro Se Litigant Representation in Civil Rights Actions and sets forth procedures for evaluating requests for appointed counsel, including review by the Civil Rights Case Screening Committee.

The procedural posture of this case has changed materially since plaintiff's prior requests for counsel were denied. Plaintiff has now survived summary judgment on his Fourteenth Amendment due-process and First Amendment retaliation claims against defendant Ossewaarde. Resolution of both claims will depend substantially on conflicting testimony concerning the events of September 18, 2024, and the reason for plaintiff's placement in restrictive housing. *See* Dkt. 91. Although plaintiff's claims have survived summary judgment, the Court has not determined that appointment of counsel is warranted. Referral to the Screening Committee will permit the Committee to evaluate, among other considerations identified in the Plan, the potential merit of plaintiff's surviving claims, plaintiff's ability to present those claims at trial, and the extent to which representation would serve the interests of justice.[1] *See* General Order 06-26 § 2(e).

Accordingly, the Court concludes that referral for further review is appropriate. The Court therefore DIRECTS the Pro Bono Coordinator to forward plaintiff's motion, the pleadings, the Court's September 8, 2026 order, and such other relevant materials as

---

[1] Plaintiff's motion does not satisfy § 3(b) of the Plan because it does not describe any efforts by plaintiff to obtain counsel, including contacts with at least two attorneys without securing representation. The Court therefore does not treat plaintiff's motion as a complete application under the Plan. That deficiency, however, does not preclude referral. Section 2(c) independently authorizes the Court, *sua sponte*, to direct the Pro Bono Coordinator to forward a civil-rights action to the Civil Rights Case Screening Committee for review and recommendation. General Order 06-26 § 2(c).

appropriate to the Civil Rights Case Screening Committee pursuant to § 2(c) of General Order 06-26. The Court DEFERS ruling on plaintiff's motion for appointment of counsel, Dkt. 82, pending receipt of the Screening Committee's recommendation.

Dated this 23rd day of September 2026.

Robert S. Lasnik
United States District Judge